# IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JOSEPH F. POLI, JR. and RHONDA DANIEL, | § § § | No. 406, 2016 |
| Defendants Below, Appellants, | § § § § | Court Below—Superior Court of the State of Delaware |
| v. | § § | C.A. No. N15C-01-118 |
| 810 SOUTH BROOM STREET OPERATIONS, LLC d/b/a HILLSIDE CENTER, | § § § § § | |
| Plaintiff Below, Appellee. | § § § | |

Submitted: December 2, 2016
Decided: March 15, 2017

Before **HOLLAND**, **VALIHURA**, and **VAUGHN**, Justices.

## ORDER

This 15th day of March 2017, it appears to the Court that:

(1) Joseph F. Poli, Jr. (hereinafter "Joseph") filed this appeal from the Superior Court's order denying his motion to vacate a default judgment entered against his wife, Rhonda Daniel (hereinafter "Rhonda").[1] The Court concludes that the judgment on appeal must be reversed.

---

[1] The references to Mr. Poli and Ms. Daniel as "Joseph" and "Rhonda" are for clarity. No disrespect is intended.

(2) The record reflects that Joseph and Rhonda were the defendants in a debt action that was filed on January 15, 2015 by 810 South Broom Street Operations, LLC d/b/a Hillside Center. Hillside Center is a nursing home and rehabilitation center in Wilmington. Rhonda was a patient at Hillside in 2014. On December 15, 2014, Rhonda executed a durable power of attorney naming Joseph as her agent.

(3) On March 26, 2015, court staff notified Hillside's counsel that neither Rhonda nor Joseph had filed an answer to the complaint. By letter dated April 3, 2015, Hillside's counsel advised the court that he had received an answer from Joseph but not from Rhonda, and that a default judgment would be filed against Rhonda. On the same date, Hillside's counsel filed "directions for entry of default" against Rhonda.

(4) On April 12, 2016, Hillside's counsel filed a motion for summary judgment against Joseph. The motion recited the entry of judgment against Rhonda and alleged that nothing had been paid on that judgment. By memorandum opinion dated June 14, 2016, the Superior Court granted the motion after determining that Joseph was liable for the judgment against Rhonda.[2]

---

[2] *810 South Broom Street Operations, LLC d/b/a Hillside Center v. Daniel*, 2016 WL 3583777 (Del. Super. June 14, 2016).

(5) On June 27, 2016, Joseph filed a motion for relief from judgment under Superior Court Civil Rule 60(b). By order dated July 15, 2016, the Superior Court denied the motion.[3] Having reviewed the record on appeal, we conclude that the denial of the Rule 60(b) motion was an abuse of discretion.[4]

(6) Superior Court Civil Rule 55(b)(1) provides that, in appropriate circumstances, a plaintiff may direct the prothonotary to enter a default judgment against a defendant who "has failed to appear, plead or otherwise defend as provided by this Rules."[5] Under Rule 5(aa)(1) of the court's rules, a defendant's "[a]ppearance may be made by . . . the service or filing of any motion or pleading purporting to be responsive to, or affecting the complaint."[6]

(7) In this case, the record reflects that Joseph's answer to the complaint attached a copy of Rhonda's durable power of attorney ("POA") dated December 15, 2014, naming him as her agent, and his notarized affidavit dated February 13, 2015, purporting to "speak[] legally for [Rhonda], first party charged in this law suit."

---

[3] *810 South Broom Street Operations, LLC d/b/a Hillside Center v. Daniel*, 2016 WL 3964620 (Del. Super. July 15, 2016).
[4] *Branch Banking and Trust Company v. Eid*, 114 A.3d 955, 957 (Del. 2015).
[5] Del. Super. Ct. Civ. R. 55(b)(1).
[6] Del. Super. Ct. Civ. R. 5(aa)(1).

(8)     The record reflects that Joseph and Rhonda believed that Joseph could rely upon the POA to answer the complaint on Rhonda's behalf.[7] Instead of directing the entry of a judgment against Rhonda, Hillside's attorney should have filed a motion objecting to Joseph's authority to act for Rhonda.  That would have given Rhonda an opportunity to file her own answer *pro se* or by a licensed attorney.

(9)     Similarly, the Superior Court should have advised Joseph that Rhonda needed to appear *pro se* or by a licensed attorney.  In fact, when this appeal was filed by Joseph on Rhonda's behalf, he was advised that Rhonda had to sign the notice of appeal and she did.

(10)    Joseph had individual standing to contest the default judgment entered against Rhonda because that judgment was the basis for entry of the judgment against him.  Rule 60(b)(1) authorizes the Superior Court to relieve a party from a final judgment that is entered by "mistake."[8]  In this case, Hillside's counsel made a mistake when directing the prothonotary to enter a default judgment against Rhonda; the entry of judgment that followed was made in error.  Relief under Rule 60(b) is warranted.

NOW, THEREFORE, IT IS ORDERED, that the Superior Court's order dated July 15, 2016 is REVERSED.  The memorandum opinion of June 14, 2016 and the

[7] 12 *Del. C.* § 49A–212.
[8] Del. Super. Ct. Civ. R. 60(b)(1).

4

default judgment under Rule 55(b)(1) are VACATED. This matter is REMANDED

for further proceedings consistent with this Order. Jurisdiction is not retained.

BY THE COURT:

_____
Justice

5